IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 3:21 CR 635 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **GABRIEL LEE TAYLOR,** | |
| Defendant. | MEMORANDUM OPINION AND ORDER |

### INTRODUCTION

Currently pending before the Court is *pro se* Defendant Gabriel Taylor's "Motion to Dismiss". (Doc. 58). The Government, construing Taylor's motion as a Motion to Vacate under 28 U.S.C. § 2255, opposes. (Doc. 60). Taylor did not file a reply and the time in which to do so has expired. For the reasons set forth below, the Court construes the motion as seeking relief under § 2255 and dismisses the motion as untimely-filed.

### BACKGROUND

Taylor was indicted on September 1, 2021, on one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 1).

On October 19, 2022, Taylor pled guilty to the indictment. On February 1, 2023, this Court sentenced Taylor to 27 months' imprisonment followed by three years supervised release. (Doc. 48).

Taylor signed the instant motion on February 22, 2024 (Doc. 57, at 17; Doc. 58, at 17); one version of it was filed with this Court on March 4, 2024 (Doc. 57), and another seemingly identical version filed on March 11, 2024 (Doc. 58).

## DISCUSSION

Taylor seeks relief based on the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). The Government argues Taylor cannot show his entitlement to habeas relief on the grounds asserted. It contends, first, Taylor's motion is untimely, second, his claim is procedurally defaulted, and third, even if the Court were to reach the merits of the claim, it should be denied. Upon review, the Court finds the motion untimely under 28 U.S.C. § 2255(f).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Such a motion must be filed within one year "from the latest of" the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). As the Government points out, only subsections (1) and (3) appear potentially applicable here.[1]

*§ 2255(f)(1) Date on Which the Judgment Became Final*

Where, as here, a defendant does not appeal his conviction, the conviction becomes final for purposes of § 2244(f)(1) at the expiration of time to appeal. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining an un-appealed judgment of conviction becomes final when time for filing a direct appeal has elapsed). This Court entered judgment in Taylor's case on February 1, 2023. (Doc. 48). His time to appeal expired, and thus his conviction became final, on February 15, 2023. *See* Fed. R. App. Proc. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . judgment."). The § 2255 limitations period therefore expired one year later on February 15, 2024.

Taylor's motion is untimely under § 2255(f)(1). First, his motion and amended motion were filed with the Court on March 4, 2024, and March 11, 2024, respectively (Docs. 57, 58); this is after the statute of limitations had run. Second, both versions of the motion are signed by Taylor and dated February 22, 2024. *See* Doc. 57, at 17; Doc. 58, at 17. Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270-72 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing. Where a prisoner has "done all that could reasonably be expected to get the [document] to its destination" within the required time, it should be considered "filed" when handed to a prison official for mailing. *Houston*, 487 U.S. at 270 (citation omitted); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). The prison

---

1. Taylor does not identify an impediment created by the Government or new facts supporting a claim that were subsequently discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f)(2), (f)(4).

3

mailbox rule was codified with respect to § 2255 motions in the Rules Governing Section 2255 Proceedings for the United States District Courts, which states:

> A paper filed by an inmate confined in an institution is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Rule 3(d), Rules Governing Section 2255 Proceedings in the United States District Courts.

The prisoner bears the burden to show that he delivered his filing in compliance with the prison mailbox rule. *See Leavy v. Hutchison*, 952 F.3d 830, 832 (6th Cir. 2020). Here, although Taylor's motion says it is "Dated: February 22, 2024", it contains no declaration in compliance with Rule 3(d) that it was deposited in the prison mail system or that the postage had been prepaid. Taylor is thus not entitled to the benefit of the prison mailbox rule. Nevertheless, even if he were so entitled and the Court were to deem his motion filed as of the February 22 date, it would still be past the expiration of the one-year statute of limitations.

*2255(f)(3) – Date on Which Right Initially Recognized by the Supreme Court*

Taylor's motion argues his felon in possession conviction is unconstitutional under the test set forth in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). To the extent he contends *Bruen* provided a new rule of constitutional law that satisfies 28 U.S.C. § 2255(f)(3), the Sixth Circuit has rejected such an argument. *See In re Clark*, 2023 U.S. App. LEXIS 30481, at *3 (6th Cir. Nov. 15, 2023) (denying permission to file a second or successive habeas petition challenging the constitutionality of a § 922(g)(1) conviction, concluding that "*Bruen* did not 'cast doubt on longstanding prohibitions on possession of firearms by felons'" (quoting *Bruen*, 597 U.S. at 81 (Kavanaugh, J., concurring))); *see also Harbin v. United States*, 2024 WL 757103, at

4

*3 (N.D. Ohio) (denying § 2255 motion premised on *Bruen* as time-barred, in part, because *Bruen* did not create a new right initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review (citing *In re Clark*, 2023 U.S. App. LEXIS 30481, at *3)). And even if the Sixth Circuit had not so ruled, *Bruen* was handed down June 23, 2022; any statute of limitations based thereon would have expired June 23, 2023, almost eight months before Taylor filed the instant motion.

*Tolling*

AEDPA's one-year statute of limitations is subject to equitable tolling "when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). To determine whether a petitioner merits equitable tolling of the statute of limitations, courts are required to consider (1) whether the petitioner has been pursuing his rights diligently and (2) whether some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011). The habeas petitioner bears the burden of demonstrating that both factors are met. *Hall*, 662 F.3d at 750. Additionally, a credible showing of actual innocence will allow a petitioner to overcome the statute of limitations, rather than provide him an excuse for the late filing. *Yousafzai v. United States*, 2017 WL 3185189, at *2 (6th Cir.) (citing *Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005)).

Taylor's motion does not present any specific argument regarding tolling of the statute of limitations, nor has he filed a reply to address the Government's arguments. And although his motion uses the wording "exceptional reasons" (Doc. 58, at 2), he presents no argument regarding any "extraordinary circumstance" that prevented timely filing. Further, although

5

Taylor states that he is "unschooled and unlettered in the letter of the law" and "should be granted liberal interpretation of this and every pleading as to both the law and procedure" (Doc. 58, at 1), "*pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse . . . late filing", *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012); *see also Hall*, 662 F.3d at 750-52 (lack of transcript, *pro se* status and limited law library access did not warrant equitable tolling); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (finding "lack of legal training, [a petitioner's] poor education, or even [a petitioner's] illiteracy" are not reasons to toll the statute of limitations). The Court finds Taylor has not demonstrated his entitlement to tolling of the statute of limitations. Nor has he demonstrated "actual innocence" to overcome the time bar; indeed, his entire motion is based on a legal challenge relying on *Bruen*, rather than any specific facts underlying his case.

The Court therefore dismisses Taylor's motion as time-barred under 28 U.S.C. § 2255(f).

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Taylor's Motion to Dismiss (Doc. 58), construed as a Motion to Vacate under 28 U.S.C. § 2255 be, and the same hereby is, DISMISSED as time-barred.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: June 27, 2024